## BALTIMORE CITY COURT.

Filed May 4, 1904.

JOHN M. LOWRY ET AL.
VS.
BENJAMIN GLENN.

*William H. Lawrence* for plaintiff.
*James F. Thrift* for defendant.

BAER, J.—

This is an action for damages, brought by the plaintiffs, owners of a steam launch, against the defendant for illegally seizing and detaining said launch under distraint proceedings.

The defendant leased to certain parties, "the property located on Back River, Baltimore county, known as *Glenwood Grove.*" Rent was in arrear and the launch was taken by virtue of the distraint.

The court finds from the evidence in the case, that, at the time the launch was taken, it was moored to a buoy in the navigable waters of Back River, in front of the demised premises, and in the stream beyond mean low water.

It is further found as a fact that, while some of the tenants were also part owners of the yacht, other persons were part owners therein, who were not tenants of the demised premises.

It is contended on behalf of the defendant that the yacht was upon the demised premises, and the patent for the whole tract belonging to the defendant, of which the demised premises were a part, was shown to extend to the middle of the channel of Back River, a point much farther out in the river than the place where the yacht was moored. This contention rests upon the assumption that the lease of "property on Back River, Baltimore county, known as Glenwood Grove," being a part of said whole tract, was a lease of the land under the river to the middle of the channel.

The court cannot so find. The lease is for "property *on Back River, known as Glenwood Grove*," and this certainly should not be extended to embrace the land under the river to the middle of the channel, so as to give to the defendant the right, if such right exists, to take under distress proceedings, the chattels of a stranger. (for the yacht in this case must be treated as such) which happens to be upon the waters of the river.

The case is not as strong as the one in 6 Bingham, 150, where the boat was fastened by a rope to the wharf, which wharf was the demised premises, and where the lease gave to the tenant "the exclusive use of the land of the river Thames opposite to and in front of the demised premises between high and low water mark," and yet in that case the court held that the boat could not be taken for rent due for the wharf.

Without expressing any opinion, therefore, as to whether, in case the lease covers the land of the river to the middle of the channel, chattels upon the water over such land can be taken in distraint, I find that under the lease in this case, the property taken was not upon the demised premises. The boat was detained by the constable for seven or eight days, when the rent was paid and the boat was released.

The evidence was not very clear as to the loss sustained by the plaintiffs by reason of the detention of the boat, but I think from all the testimony, that there should be a judgment in favor of the plaintiffs for fifty dollars.

The judgment below will be reversed and judgment entered in favor of the plaintiffs for fifty dollars.